CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 01, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JEFFREY LYNN BUSSEY, JR.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv00778** |
| | ) | |
| **v.** | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR EXTENSION AND DENYING** |
| | ) | **MOTION FOR DEFAULT JUDGMENT** |
| | ) | |
| **SOUTHWEST VIRGINIA** | ) | |
| **REGIONAL JAIL,** *et al.*, | ) | **By:  C. Kailani Memmer** |
| **Defendants.** | ) | **United States Magistrate Judge** |

In this prisoner civil rights matter pursuant to 42 U.S.C. § 1983, Jeffrey Lynn Bussey, Jr., sued the Southwest Virginia Regional Jail (SWVRJA), Ginger Russell, and Bryson Cole. The parties have consented to jurisdiction before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). *See* ECF No. 38.

This action arises out of a motor vehicle accident where plaintiff, an inmate at the SWVRJA, was a passenger in a transport van. Defendants filed motions to dismiss, ECF Nos. 19, 26, and plaintiff filed a motion for default judgment, ECF No. 33, all before plaintiff filed an amended complaint. ECF No. 36. Plaintiff's amended complaint rendered the motions to dismiss and the motion for default judgment moot. *See* ECF No. 41. Defendants, however, failed to answer or otherwise respond to the amended complaint, and plaintiff filed another motion for default judgment. Accordingly, the court entered an order directing the defendants to "respond to plaintiff's motion for default judgment, ECF No. 40, and show cause why the court should not direct the Clerk to enter default against them, within fourteen days of this order." ECF No. 41. In response to the order, defendants have filed a motion for an extension of time to file their answer

due to excusable neglect. ECF No. 43. For the reasons stated below, defendants' motion for an extension will be granted, and plaintiff's motion for default judgment will be denied.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has established the following factors for consideration in determining whether a moving party has established excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McHenry v. Ace Transport Miami LLC*, CIVIL ACTION NO. 2:25-cv-00367, 2025 WL 2798509, at *2 (S.D.W. Va. Sept. 26, 2025). The most important factor is the third factor, the reason for the delay. *Kirby v. Red Bull N. Am., Inc.*, C/A No. 3:19-cv-2701-CMC, 2021 WL 11879723, at *2 (D.S.C. Jan. 12, 2021) (citing *Pioneer*, 507 U.S. at 394). The Fourth Circuit has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996). At bottom, whether neglect is excusable is an equitable determination that factors in all the relevant circumstances surrounding the missed deadline. *Martin v. Axis Ins. Co.*, No. 5:23-CV-00448-BO, 2024 WL 2221481, at *1 (E.D.N.C. May 15, 2024) (citing *Pioneer*, 507 U.S. at 395).

In explaining the reason for the delay, counsel for the defendants admits that it did not occur to him that the amended complaint became the new operative complaint necessitating a new responsive pleading because it is nearly a carbon copy of the original. Defendants cite cases

2

for the proposition that a party should not be penalized for the failure of its counsel, but defendants also acknowledge that attorney error, on its own, normally does not constitute excusable neglect. *See, e.g.*, *Gilliam v. Lee Cnty. Sch. Bd.*, No. 2:01CV00083, 2002 WL 31039139, at *1 (W.D. Va. Sept. 10, 2002) (finding that counsel being "out of town on vacation" was not "excusable neglect" but finding it "unjust" to "penalize the plaintiff for her attorney's failure").

While the reason for delay in this case may not be sufficient to establish excusable neglect, the court finds that the other factors favor granting an extension and avoiding a default. *See Penn-Am. Ins. Co. v. White Pines, Inc.*, Civil Action No. 2:19cv57, 2019 WL 13160135, at *2 (E.D. Va. Oct. 24, 2019) (explaining that courts have found excusable neglect when "accompanied by a detailed, rational explanation of the error" and "in light of the other relevant *Pioneer* factors"). Plaintiff would not be prejudiced due to the "strong preference" in federal court for resolving disputes "on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). "[N]o cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419. Because this case is in its very early stages, the court finds there is little impact on judicial proceedings, and any delay caused by defendants' neglect is minimal. Under the final factor, defendants have acted in good faith to correct their error. *See Penn-Am. Ins.*, 2019 WL 13160135, at *3 (finding excusable neglect where "there is no suggestion that Polli's error was a product of his counsel's deliberate neglect or bad faith. His diligence in seeking to correct the error also bears on the court's exercise of discretion").

Based on the foregoing, it is hereby ORDERED that defendants' motion for an extension of time, ECF No. 43, is GRANTED, and plaintiff's motion for a default judgment, ECF No. 40,

is DENIED. Defendants shall answer or otherwise respond to the amended complaint within 14 days of this order.

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

ENTER:   May 1, 2026

s/ C. Kailani Memmer_____
United States Magistrate Judge

4